**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr., #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID HARRINGTON,** | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| **WINN LAW GROUP, A PROFESSIONAL CORPORATION,** | |
| Defendant. | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of

Complaint - 1

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3. Plaintiff, David Harrington ("Plaintiff"), is a natural person residing in Sacramento in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Winn Law Group, A Professional Corporation ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     On or about August, 2010, Plaintiff received a letter from Defendant dated August 2, 2010.  In said letter, Defendant states that 'We have not yet made a decision whether or not to file suit to collect the debt.'

7.     In the same letter, Defendant advises Plaintiff that if he disputes the alleged debt, "…We invite you to explain why."  Defendant does not merely advise Plaintiff that he has the right to dispute the debt or ask for verification of the alleged debt.

8.     Plaintiff alleges that Defendant uses threatening language in their August 2, 2010 that overshadows the disclosures that Defendant is required to provide to Plaintiff by law.  Plaintiff also alleges that Defendant's language is an attempt to intimidate Plaintiff so that he does not ask for verification of the alleged debt.

9.     Plaintiff's counsel sent a letter of representation and request for verification to Defendant on August 13, 2010, well within the thirty days provided by law.  Defendant failed to respond to that letter.  Plaintiff's counsel sent a second letter to Defendant on September 3, 2010.  Again, Defendant failed to respond.

10.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

d) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

e) Threatening to take an action against Plaintiff that is prohibited by §1788 of the California Civil Code (Cal Civ Code §1788.10(f));

f) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

g) Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff (§1692e(7));

h) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

i) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)); and

j) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff (§1692d(2)).

11. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to his feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for his actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 16th day of November, 2010.

By: **s/Todd M. Friedman**
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff